UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSE MARIE BROWN,

Plaintiff,

-against-

KEITH FERGUSON, et al.,

Defendants.

1:26-CV-7366 (LTS)

ORDER DIRECTING PAYMENT OF FEES OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Rose Marie Brown brings this action *pro se*.[1] To proceed with a civil action in this court, a plaintiff must either pay $405 in fees—a $350 filing fee plus a $55 administrative fee—or, to request authorization to proceed without prepayment of fees, submit a completed and signed *in forma pauperis* ("IFP") application. *See* 28 U.S.C. §§ 1914, 1915.

"The ability to proceed IFP is a privilege provided for the benefit of indigent persons." *Cuoco v. BOP*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (Pauley, D.J.) (internal quotation marks and citation omitted). Thus, "the court system depends on the honesty and forthrightness of applicants to ensure that the privilege is not abused." *Id.* (internal quotation marks and citation omitted). The Court must dismiss an action in which a person applies to proceed IFP if their "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). This statutory provision "serves the purpose of preventing abuse of the judicial system by weed[ing] out the litigants who falsely

[1] Plaintiff, in her complaint (ECF 1), reveals a complete financial-account number of another entity. Under Rule 5.2(a)(4) of the Federal Rules of Civil Procedure, court submissions that refer to a financial-account number must do so by revealing only the last four digits of that financial-account number. Fed. R. Civ. P. 5.2(a)(4). While a filer who reveals her own complete financial-account number waives the protection of that rule, *see* Fed. R. Civ. P. 5.2(h), the complete financial-account number that Plaintiff has revealed is not hers, but another's who has filed nothing in this action. Thus, in an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to Plaintiff's complaint.

understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth." *Vann v. Comm'r of N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012) (summary order) (internal quotation marks and citation omitted). The IFP statute, 28 U.S.C. § 1915, "neither requires a litigant to demonstrate absolute destitution, nor requires dismissal for inaccuracies, misstatements, or minor misrepresentations made in good faith." *Id.* (internal quotation marks and citations omitted). Dismissal under Section 1915(e)(2)(A) is warranted, however, "where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain [IFP] status." *Id.* "[D]eliberate concealment of income in order to gain access to a court without prepayment of . . . fees" is an example of such bad faith. *Id.*

In her IFP application, Plaintiff alleges that she is not incarcerated and is unemployed. She also affirmatively indicates that, in the past 12 months, she has not received any public benefits or income from any other source. She does not state, however, whether she: (1) has any money, including any money in a bank account; (2) owns any other assets and, if so, their values; (3) has any monthly expenses, other debts, and/or financial obligations and, if so, the amounts of those monthly expenses, other debts, and/or financial obligations; and (4) has anyone else that is financially dependent on her and, if so, the amount of financial support that she provides. (*Id.*) In light Plaintiff's failure to provide this information in her IFP application, the Court cannot, at this time, issue a decision as to whether to grant Plaintiff IFP status.

Accordingly, within 30 days of the date of this order, Plaintiff must either pay the $405 in fees or fully complete, sign, and submit the attached amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 1:26-CV-7366 (LTS), and provide specific facts to establish that Plaintiff is unable to pay the fees to bring this action. Plaintiff should fully and truthfully answer all of the questions in her amended IFP

application. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* § 1915(a)(1). The Court warns Plaintiff that the Court must dismiss this action if it determines that her "allegation of poverty is untrue." § 1915(e)(2)(A).

No summonses shall issue at this time. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If she fails to comply with this order within the time allowed, the Court will dismiss this action.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: September 8, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge